IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHRIS STEVEN FINK,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA DOES (1-6),<br><br>Defendants. | CV-21-0070-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On June 15, 2021, Plaintiff Chris Steven Fink ("Fink") filed a Complaint alleging constitutional claims related to his treatment at Montana State Prison ("MSP"). (Doc. 1.) For the following reasons, the Court recommends dismissal of Fink's action for failure to state a claim.

## I. PROCEDURAL BACKGROUND

On October 28, 2021, the Court screened Fink's original Complaint, concluded that it failed to state a claim, and directed Fink to file an Amended Complaint, if he could do so. (Doc. 9.) Fink filed an Amended Complaint on November 2, 2021, followed by nine filings construed by the Court as supplements, letters, and notices. (Docs. 10 – 20.) The Court reviewed these filings as a whole to determine whether they remedied the deficiencies identified by the Court in its screening order. The Court determined they did not, explained

1

again to Fink what was required to state the claims he intended to state, and allowed him to attempt to amend again. (Doc. 21.) Fink filed a Second Amended Complaint on January 19, 2022, in addition to a further letter, notice, and supplement. (Docs. 25, 26, and 28.) On April 26, 2022, the Court reviewed this Second Amended Complaint and determined that it too failed to state a claim. Fink was given a final opportunity to file an Amended Complaint and provided with the form to do so. (Doc. 27.) Fink filed two subsequent documents and a motion to appoint counsel but did not file a Third Amended Complaint. The Court's last Order advised Fink that failure to file his Third Amended Complaint would result in a recommendation for dismissal. (Doc. 27 at 6.)

## II. ANALYSIS

The Court will not repeat its detailed analyses of Fink's three Complaints. To succinctly reiterate: though Fink variously heeded the Court's advice regarding his Complaints, he has consistently failed to allege sufficient facts to state his claims.

### A. Medical Claim

Fink's Second Amended Complaint fails to identify any facts that plausibly plead a claim for deliberate indifference to his medical needs. (Doc. 25.) Twice, the Court directed Fink that "he must name some defendant who had an obligation to provide him medical care, and he must specifically explain when and how he

sought that medical care, what he needed, and what response he received." (Doc. 9 at 10; 21 at 3.) Fink has not done so. Again, despite admonishments not to do so, he asks the Court to review his various grievances to state a claim, including documents from 2017, which Fink has been advised falls outside the statute of limitations. Fink has failed to carry his burden to state a plausible claim for relief by identifying who had an obligation to provide him medical care and evinced deliberate indifference in failing to do so.

Instead of filing a Third Amended Complaint, Fink has filed documents stating that "the prison" canceled follow up appointments and that Dr. Rees misread an MRI. (Docs. 28 and 29.) Neither of these acts reflect deliberate indifference. At most, Fink has alleged a claim for medical negligence against Dr. Rees. But "[n]either negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002). Further, Fink's allegation that "the prison" cancelled follow-up visits is the same type of unspecified, general allegation the Court found to be deficient in Fink's prior pleadings. Fink has failed to file an amended complaint that sufficiently states who was obliged to provide him what care, and who exhibited deliberate indifference to his serious medical needs. Fink's medical claims will be recommended for dismissal.

### B. Excessive Use of Force

In his original Complaint, Fink claimed that six officers who extracted him from his cell used excessive force. Fink has been advised twice in this Court's prior Orders that he needed to provide more facts to state such a claim. (Doc. 9 at 11; 21 at 5.) He has failed to do so. This claim should be dismissed.

### C. The Hole

Fink also asserted a claim regarding his placement in "the hole." In its last Order, the Court stated it would recommend dismissal of this allegation, unless Fink could state additional facts that stated a plausible claim. (Doc. 27.) He has failed to do so. The claim should be dismissed.

## III.  CONCLUSION

This Court has three times advised Fink of the deficiencies in his allegations and allowed him to amend. Despite these amendments, his Second Amended Complaint does not state a claim upon which relief can be granted, and his subsequent filings fail to cure those deficiencies. Based on the legal analysis contained in the Court's prior Orders, Fink's action should be dismissed.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Fink's action should be DISMISSED.

2. All pending motions should be denied as moot.

3.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Fink may file objections to these Findings and Recommendations within fourteen days of service.  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.  This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 28th day of July, 2022.

          /s/  Timothy J. Cavan
U.S. Magistrate Judge
District of Montana